# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GLOBENET METALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0282-WS-B |
| | ) |
| FIDELITY OIL FIELD SERVICES, | ) |
| LLC, etc., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 16). Default has previously been entered against the defendant. (Doc. 14). Because the defendant has not appeared, it is not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The second amended complaint alleges that the defendant issued purchase orders that the plaintiff fulfilled and invoiced, but the defendant did not pay for the goods ordered and provided. The complaint includes a single count against for

breach of contract. (Doc. 11). There is no question but that these allegations actually state a cause of action and that the complaint contains a substantive, sufficient basis for the relief sought.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. Fed. R. Civ. P. 55(b)(2). Moreover, as to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. 50 U.S.C. app. § 521(a), (b). Because the only defendant is a limited liability company, it is neither a minor, an incompetent or a member of the armed forces. *E.g., Gibbs v. Parr Management, LLC*, 2013 WL 2355048 at n.* (N.D. Tex. 2013); *AMEC Earth and Environmental, Inc. v. SolSource Energy Solutions, LLC*, 2012 WL 3757479 at *1 (D. Colo. 2012); *Bay Area Painters and Tapers Pension Trust Fund v. OP & Sons Construction*, 2012 WL 2159372 at *4 (N.D. Cal.), *report and recommendation adopted*, 2012 WL 2159359 (N.D. Cal. 2012); *American Seating Co. v. Simpson Interiors*, LLC, 2009 WL 1510737 at *1 (W.D. Mich. 2009).

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on purchase orders and invoices, which have been submitted along with the complaint, and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The second amended complaint demands recovery in the amount of $123,521.03, plus accrued interest, costs and attorney's fees. (Doc. 11 at 4). The motion for default judgment seeks judgment in the amount of $123,521.03. (Doc. 16 at 3). The plaintiff's requested default judgment thus does not violate Rule 54(c).

For the reasons set forth above, the plaintiff's motion for default judgment is **granted**. Judgment in the amount of $123,521.03 shall be entered by separate order.

DONE and ORDERED this 7th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE